IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

v.                            Crim No. 14-CR-1444 JB

EDWARD ALBERT MARQUEZ

      Defendant.

## <u>SENTENCING MEMORANDUM</u>

The Defendant Edward Marquez files this sentencing memorandum in support of the U.S. Probation Office's recommendation for a sentence of probation.

In determining the appropriate sentence in a particular case the District Court must determine the correct Guidelines range, and must then consider the factors in ***18 U.S.C. 3553(a)***. ***Gall v. United States, 552 U.S. 38, 49-50, 128 S.Ct. 586, 596-597 (2007)***.  The District Court may not presume that the guideline range is reasonable and must make an individualized assessment based on all the facts. ***Id. at 596-597***.  Thus, District Courts are free to deviate from the guidelines to tailor individual sentences in light of other *§ 3553* factors. ***Kimbrough v. U.S., 552 U.S. 85, 128 S.Ct. 558, 570 (2007)***.

The Presentence Report in this case properly calculates the guideline range as 18 to 24 months (offense level 15).  **¶93**.[1]  Marquez is statutorily eligible for probation of not less than one year nor more than five years. **¶98**.  Probation is a sentence and may be used as an alternative to incarceration provided that the terms and conditions of probation are fashioned to meet the statutory purposes of sentencing.  ***USSG . Ch.5, Pt.B, intro. comment***.  Marquez requests a

---

[1] All paragraph references are to the Pre-Sentence Report disclosed August 22, 2014.

variance of seven offense levels, from an offense level 15 to an offense level 8, placing Marquez

in Zone A of the guidelines and thus eligible for probation both statutorily and pursuant to the

guidelines, as recommended by the United States Probation Office.

   *18 U.S.C. §3553(a)* states that the Court shall impose a sentence sufficient, but not

greater than necessary to comply with the following considerations:

> (1) the nature and circumstances of the offense and the history and characteristics of the
>     defendant;
>
> (2) the need for the sentence imposed,
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to
>       provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical
>       care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for,
>   (A) the applicable category of offense committed by the applicable category of defendant
>       as set forth in the guidelines.
>
> (5) any pertinent policy statement issued by the Sentencing Commission…;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar
>     records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

### Nature of the Offense & History and Characteristics of the Defendant

   The PSR discusses several factors that warrant a variance. **¶110**.  This memorandum does

not simply repeat what is already documented, but rather elaborates on several issues relevant to

statutory sentencing factors.  Marquez is almost 69 years old. Significantly, other than a

problems as a young man related to drinking, Marquez has led a law abiding life.  ***See United***

***States v. Ward, 814 F.Supp. 23, 24 (E.D. Va 1993)*** (granting pre-Booker departure under

§5K2.0 because  the length of time a person refrains from the commission of crimes, which is invariably tied to a person's age, is a factor that is critical to a court's determination of the sentence it should impose).

Marquez' long history of employment (**¶80-85; 110**) is significant not just as a reflection of the type of person he is but because of the amount of restitution that is owed and his ability to make restitution payments.  ***18 U.S.C. §3553(a)(7)***.  Marquez believes that he will be able to make payments of $8,000/month toward the restitution in this case after he completes his payments to the State and IRS for 2012 and 2013. **¶89**.

The PSR documents Marquez' role as the sole operator and manager of Club Tropicana since 1988. **¶83; 110**.  His importance to the business is more than just his knowledge and expertise.  Marquez is willing to work 6-7 days/week and limit his gross pay to $8,000 - $9,000, living off this small salary, his social security and two small pensions from UPS and the Teamsters Union.  It is unlikely if not impossible for the business to find anyone else to work so many hours for so little a salary.  Additionally, once Marquez sells his house, he intends to move into a trailer next to the bar, another cost saving move that will ensure that restitution is paid.

The most significant factor warranting a variance is Marquez' conduct from the moment the IRS agents first contacted him, whether termed extraordinary acceptance of responsibility, post-offense rehabilitation or simply history of the offense and defendant characteristics.  When contacted by IRS agents Marquez told them everything, openly acknowledging that a person could not afford a half-million dollar house and three cars on his claimed income.  Marquez even provided agents with the books that showed all the unreported income thus providing the Government with evidence that undoubtedly could not have been discovered thru independent investigation.  Marquez hired an accountant, provided him with all the information and

3

submitted amended returns to the Government.  These returns were accepted by the IRS and are the basis of the restitution.  **¶28**.  Marquez' post-offense conduct not only saved the government countless man-hours of investigation and money, but demonstrates his willingness to accept complete responsibility for his criminal conduct.

### The Need For The Sentence Imposed To Reflect The Seriousness Of The Offense, To Promote Respect For The Law, And To Provide Just Punishment For The Offense

### The Need For The Sentence Imposed  To Afford Adequate Deterrence To Criminal Conduct

The recommended sentence of probation with the requirement of full restitution satisfies these prongs of sentencing.  Not only will the government receive the back taxes, but the consequences to Marquez are obvious. Whereas he may have been living beyond his means for several years, he will essentially be living at a subsistence level in order to pay the restitution. His credit is ruined, he will realize little gain from the sale of his house and he will be living off social security, small pensions and a small salary for the foreseeable future.  Marquez' changed circumstances alone serve to promote respect for tax laws as well as deterrence to similar conduct.

### The Need For The Sentence Imposed To Protect The Public From Further Crimes Of The Defendant

There is nothing in the record in this case that would even remotely suggest that imprisonment is necessary to protect the public from further crimes by the Defendant.

### The Need For The Sentence Imposed To Provide The Defendant With Needed Educational Or Vocational Training, Medical Care, Or Other Correctional Treatment In The Most Effective Manner

There is nothing in the record in this case that would suggest that Marquez is in need of "correctional treatment," or that incarceration is necessary to provide him with educational or vocational training.

For the reasons outlined in the PSR and in this memorandum the Defendant requests that the Court vary from the advisory guideline range and impose a sentence of probation as recommended by the United States Probation Office.

Respectfully submitted,

*Electronically filed* /s/ Douglas E. Couleur
Douglas E. Couleur
1640 Old Pecos Trail, Suite A
Santa Fe, NM 87505
(505) 984-1962
(505) 819-0522
doug@couleurlaw.com

I hereby certify that on September 21, 2014, I filed the foregoing pleading electronically through the CM/ECF system, which caused counsel of record for the United States, to be served with a copy of this pleading by electronic means.

*Electronically filed* /s/ Douglas E. Couleur